PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONITA J. ECHOLES, | ) | |
| | ) | CASE NO.  5:25-cv-02650 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CITY OF AKRON, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

## I.    BACKGROUND

This *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983 arises from the removal of minor children from the custody of their mother, Plaintiff Donita J. Echoles.  Plaintiff sues the City of Akron; the Summit County Children Services Board ("CSB"); CSB Case Worker Savannah Weinhart and Supervisor Kim Wilcox; "Jane and John Doe" CSB Workers and Akron Police Officers; and Unknown Supervisory Personnel.  ECF No. 1.

On December 5, 2025, Plaintiff filed her original complaint, along with various motions, including motions to proceed *in forma pauperis* (ECF No. 2), for a temporary restraining order and preliminary injunction (ECF No. 3), for appointment of counsel (ECF No. 4), and to file sensitive exhibits under seal (ECF No. 5).  On December 30, 2025, Plaintiff filed a Motion for Leave to File an Amended Complaint (ECF No. 6), and on January 15, 2026, she filed a new Motion to Proceed *In Forma Pauperis* (ECF No. 7).

In her complaint, Plaintiff alleges that Defendants violated her rights when they removed her children from her custody and placed them in the temporary custody of their father.  She alleges that on June 7, 2025, "Akron Police Officers and CSB employees" seized her children

(5:25CV2650)

without a warrant pursuant to Ohio Juvenile Rule 6 while she was hospitalized at Summa Health ICU.  She contends the Rule 6 seizure was unjustified and based on false reports that her medical condition was drug abuse.  ECF No. 6-1, ¶¶ 16-20.

She also complains of "procedural misconduct" in subsequent proceedings before CSB pertaining to custody of her children, and during hearings in Summit County Juvenile Court on August 7, 2025, and September 26, 2025.  She claims the hearings were "adversarial," that she was not permitted to speak, "meaningfully participate," present evidence, or address the court. ECF No. 6-1, ¶¶ 46, 49.  As a result, temporary custody was granted to her children's father despite there being no adjudication that the children were "abused, neglected, or dependent." ECF No. 6-1, ¶ 55.[1]

Plaintiff alleges constitutional claims under the Fourth and Fourteenth Amendments, in addition to various state-law claims arising from allegations that Defendants conducted no meaningful investigation prior to removing her children from her custody, accepted false allegations from family members and her children's father in granting him temporary custody, and that the children remain under a temporary custody order without adjudicatory findings.  For relief, she seeks compensatory and punitive damages and declaratory and injunctive relief prohibiting "continued custody deprivation."  ECF No. 6-1, ¶ VII.

## II.    STANDARD OF REVIEW

District courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which

---

[1] She further alleges her children's father physically abused the children after they were placed with him.  ECF No. 6-1, ¶ 41.

2

(5:25CV2650)

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

To survive a dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Id*. (holding that standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissal for failure to state a claim under § 1915(e)(2)(B)).  Although *pro se* pleadings generally are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the lenient treatment accorded *pro se* litigants "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf.  *See Erwin v. Edwards*, 22 F. App'x 579 (6th Cir. 2001).

Federal courts are courts of limited jurisdiction, have a duty to examine their jurisdiction in every case, and must dismiss any case in which they determine federal subject-matter jurisdiction is lacking.  *See, e.g., Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017).  Fed. R. Civ. P. 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

### III.    DISCUSSION

Under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 44–45 (1971), federal district courts are precluded from exercising jurisdiction in cases interfering with pending state proceedings involving important state interests unless extraordinary circumstances are present.  "*Younger* abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998);

3

(5:25CV2650)

*see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

The Supreme Court has recognized that abstention is appropriate in the context of state child custody and support proceedings because "[f]amily relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979).  The Sixth Circuit has also recognized that "abstention is generally appropriate in matters of family relations such as child custody." *Meyers v. Franklin Cty. Ct. of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001); *see Dunaway v. Wallace*, No. 3:26-cv-7, 2026 WL 265969, at \*2 (S.D. Ohio Feb. 2, 2026) (citing *Furr-Barry v. Underwood*, 59 F. App'x 796, 797–98 (6th Cir. 2003)) ("[C]hild custody determinations implicate important state interests, and the Sixth Circuit has held that custody disputes are within the scope of *Younger* abstention.").

The Court finds abstention warranted here.  First, Plaintiff's complaint pertains to state child custody proceedings, which implicate important state interests.  Second, the pleadings on their face indicate that those state child custody proceedings are still pending because, as in *Meyers*, it is apparent that only a temporary custody order has been entered and that CSB is still providing supportive services. *See, e.g.*, ECF No. 1-5.  Accordingly, the Court finds the first and second requirements for abstention satisfied.

The third *Younger* factor is also satisfied.  The relevant inquiry is whether the state proceedings afford an adequate opportunity to raise federal concerns. *Moore*, 442 U.S. at 430.  Courts must presume that the state courts provide an adequate forum and "the burden of establishing the inadequacy of the state courts rests on the plaintiff." *Meyers*, 23 F. App'x at 205.  When a plaintiff "has not attempted to present her federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy in the absence of 'unambiguous authority to the contrary.'" *Pennzoil, Co. v. Texaco*, 481 U.S. 1, 15 (1987); *see also Szarell v. Summit Cty. Ct. of Common Pleas*, No. 5:18-cv-2975, 2019

4

(5:25CV2650)

WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (finding the third factor of the *Younger* abstention satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Here, although Plaintiff contends in general terms that she was not able to "meaningfully participate" in the Summit County Juvenile Court proceedings and is dissatisfied with determinations made, she does not allege or demonstrate that she was actually precluded by state procedures from raising federal concerns, or, that she even attempted to raise them. Accordingly, she has not met her burden of demonstrating that state proceedings do not afford her an opportunity to raise federal concerns. *See Furr-Barry*, 59 F. App'x at 797 (affirming application of *Younger* where a case was pending in a Tennessee juvenile court and "there was no evidence that the state court proceedings did not provide an opportunity for [the plaintiff] to raise her constitutional claims").

Because all three abstention factors are satisfied, the Court lacks jurisdiction over Plaintiff's federal and state-law claims.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint (ECF No. 6) is dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and *Younger v. Harris*.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


 March 2, 2026                                                /s/ Benita Y. Pearson
 Date                                                     Benita Y. Pearson
                                                          United States District Judge

5